## Case No. 17,273.

### In re WATSON et al.

[1 Wkly. Notes Cas. 86.]

District Court, E. D. Pennsylvania. Oct. 14, 1874.

BANKRUPTCY—APPLICATION FOR DISCHARGE.

Application for leave to file petition for discharge under the amendatory bankrupt act of June 23, 1874 [18 Stat. 178]. The petitioners were adjudged bankrupt on the 28th of February, 1872. No application for discharge was made until the present motion. The bankrupts had been unable to obtain the assent of a majority in number and value of their creditors, and their assets did not amount to 50 per cent. of their indebtedness.

John A. Burton, for motion, argued: That, under the 29th section of the bankrupt act [of 1867 (14 Stat. 531)], when the application for discharge cannot be made until six months after adjudication, it is not imperative that it should be made within one year, and cited In re Greenfield [Cases Nos. 5,774 and 5,775]; In re Pierson [Case No. 11,154]; In re Vorbeck [Id. 17,002]. That, even where there were no debts or assets, the delay to apply. after the expiration of one year. might be explained by affidavit. In re Canaday [Id. 2,377]; In re Donaldson [Id. 3,982]. 2nd. That the 9th section of the amendatory act of June 23, 1874, applied to all pending cases of involuntary bankruptcy, whether the adjudication had been made more than a year previous to its passage or not, and notwithstanding no application had been made for a discharge, and cited In re King [Case No. 7,781]; In re Griffiths [Id. 5,825]; In re Perkins [Id. 10,983]: Cong. Rec. June 17, 1874, p. 60; Ex parte Lane, 3 Metc. (Mass.) 213; Eastman v. Hillard, 7 Metc. (Mass.) 425.

## Case No. 17,274.

### In re WATSON et al.

[1 Wkly. Notes Cas. 334.]

District Court, E. D. Pennsylvania. March 31, 1875.

## Case No. 17,275.

### In re WATSON et al.

[1 Law & Eq. Rep. 371; 1 2 Wkly. Notes Cas. 356.]

Circuit Court, E. D. Pennsylvania. 1876.

PETITION FOR DISCHARGE — LIMIT — CREDITORS — STAY.

Time within which a petition for a discharge may be filed.

Petition for review. The petitioners were adjudged bankrupts in February, 1872. No application for discharge was made until October, 1874. The bankrupts had been unable to obtain the assent of a majority in number and value of their creditors, and their assets did not amount to 50 per cent. of their indebtedness. The district court referred the petition to the register for report in regard to the facts in the case, and refused to allow the petition to be filed until the report was received, as no opposing counsel was present. The register subsequently reported, that he was of the opinion that the delay in the application of the bankrupts for their discharge, was sufficiently

---

1 [Reprinted from 1 Law & Eq. Rep. 371, by permission.]

accounted for to warrant the issuing of the usual orders upon said application; that the issuing of such orders could not prejudice the right of any creditor; and that upon hearing, the question could be more fully considered. The court dismissed the application for leave to file the petition, refusing to confirm the report of the register, but allowed a petition for revision to be filed in the circuit court. [See Cases Nos. 17,273 and 17,274.] The petition for review having accordingly been filed, the case came on to be argued.

[John A. Burton, for petitioner, cited In re Greenfield [Cases Nos. 5,774 and 5,775]; In re Canaday [Case No. 2,377]; In re Von Beck [Id. 16,993]; In re Donaldson [Id. 3,982]; In re W. Pierson [Id. 11,153.] [2]

McKENNAN, Circuit Judge, said that he could not come to the conclusion arrived at by Blatchford, J., in Re Greenfield's Estate [Case No. 5,774]. The language of section 29 of the bankrupt act of 1867 [14 Stat. 531] seemed clearly to imply that the limitation of one year, within which the petition to discharge might be presented, extended to both branches of the alternative.

The petition for review was dismissed, and the cause remanded to the United States district court; which court subsequently allowed the petition to be filed, and granted a rule to show cause, and instructed the bankrupts to insert in the published notices that proceedings would be stayed upon objection of creditors. No creditor having made objection, the rule was made absolute, and the bankrupts finally discharged.